IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DAVID M. ELSEA, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| U.S. ENGINEERING CO., et al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Defendant U.S. Engineering Co. respectfully removes this case from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri. As grounds for this relief, U.S. Engineering states:

### Introduction

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1332(d) and the case is removable pursuant to 28 U.S.C. §§ 1441 and 1453, in that this is a class action with more than 100 members; more than $5 million at issue in the aggregate; and minimal diversity. This action was not initially removable because the Court accepted plaintiffs' argument that residency and citizenship were synonymous and hence there was no diversity. On February 29, 2016, for the first time, plaintiffs filed papers asserting that Missouri residency encompassed more than just Missouri citizens, thus

necessarily asserting that non-Missouri citizens were members of the class. That allegation establishes minimal diversity.

### Factual and Procedural Background

2. This is a class action seeking damages for medical monitoring as a result of alleged exposure to asbestos in the Jackson County courthouse in Kansas City, Missouri, between 1983 and 2007. A true and complete copy of the original petition is attached as Exhibit A. True and complete copies of the summons issued to each defendant are attached as Exhibits B and C.

3. The original petition sought to certify a class of Missouri residents during the relevant time periods. Because Missouri residents are not necessarily Missouri citizens, defendants removed the case under the Class Action Fairness Act (CAFA). The then-sole plaintiff, David Elsea, moved to remand the case, arguing that he was master of his pleading; that he intended "resident" to be synonymous with "citizen"; and that there was therefore not even minimal diversity. This Court agreed with Mr. Elsea and remanded the case. 2010 WL 4386538.

4. On remand, Mr. Elsea filed a motion and memorandum seeking class certification. A true and complete copy of said motion/memorandum is attached as Exhibit D. On the same day, Mr. Elsea filed a motion for leave to file a first amended petition (attaching the proposed pleading). A true and complete copy of said motion and amended pleading is attached as Exhibit E. The trial court granted leave to file the amended pleading.

2

5. Defendants filed a joint opposition to Mr. Elsea's motion for class certification, a true and complete copy of which is attached as Exhibit F. Mr. Elsea filed a reply memorandum, a true and complete copy of which is attached as Exhibit G.

6. On January 21, 2014, Mr. Elsea filed a second amended petition, joining Jeanne Morgan as co-plaintiff. A true and complete copy of said pleading is attached as Exhibit H.

7. On several days in the winter of 2013-14, over a period of four days, the trial court conducted an evidentiary hearing on plaintiffs' motion for class certification. On June 25, 2014, the trial court issued a written opinion denying the motion for class certification. The opinion found, *inter alia*, as a matter of fact, that individual issues predominated over common issues and the case was unmanageable as a class action. In particular, the opinion found that the plaintiff class had not been subjected to exposure to toxic substances from a single source, as required by *Meyer ex rel. Coplin v. Fluor Corp.*, 220 S.W.3d 712 (Mo. banc 2007). It also found that plaintiffs could not prove, on a classwide basis, that the alleged exposure was sufficient to significantly increase the likelihood of disease or the necessity and propriety of medical monitoring, as also required by *Meyer*. A true and complete copy of said opinion is attached as Exhibit I.

8. Plaintiffs appealed the order to the Missouri Court of Appeals for the Western District. A true and complete copy of said notice of appeal is attached as Exhibit J. The Court of Appeals reversed. It held that it was an

abuse of discretion for the trial court to determine predominance based on evidence as opposed to the allegations in the petition. The opinion did not discuss the other two requirements for medical monitoring set forth in *Meyer*. A true and complete copy of said opinion is attached as Exhibit K.

9. On remand, in compliance with the Court of Appeals' opinion, the trial court certified the case as a class action. A true and complete copy of said order is attached as Exhibit L.

10. On November 12, 2015, defendants filed a motion to bifurcate the trial of the class action into two phases. Defendants suggested that phase I of the trial would determine the defendants' liability to the class and the damages of the named plaintiffs. If the phase I jury found in favor of the class, phase II would require individual determinations of the degree of exposure and the necessity and propriety of medical monitoring for individual claimants. True and complete copies of said motion and memorandum in support thereof are attached as Exhibits M and N.

11. On November 21, 2015, with leave of court, plaintiffs filed their third amended petition, which is the operative pleading today. This pleading also sought to certify a class on behalf of Missouri residents who had spent 80 or more hours in a single year in the Jackson County Courthouse. Based on plaintiffs' repeated representation that residency was synonymous with citizenship, this pleading did not give fair notice of the possibility of diversity. A true and complete copy of said pleading is attached as Exhibit O.

4

12. On November 23, 2015, plaintiffs filed their opposition to defendants' motion for a bifurcated trial. This opposition asserted that the degree of exposure or the necessity and propriety of medical monitoring were irrelevant. Instead, the opposition suggested that the trial court could enter judgment for a lump sum of damages based on the average cost of medical monitoring for an average member of the class for an average number of years, multiplied by the number of class members and the number of years of monitoring. A true and complete copy of said response is attached as Exhibit P. The trial court denied the motion. A true and complete copy of said order is attached as Exhibit Q.

13. On December 3, 2015, defendants filed their answers to the third amended petition. True and complete copies of said answers are attached as Exhibits R and S.

14. On February 29, 2016, plaintiffs filed their proposed plan for notice to the class of the certification. A true and complete copy of said plan is attached as Exhibit T. For the first time in this case, this paper asserted that a class of Missouri residents was broader than a class of Missouri citizens. The necessary implication of that assertion is that there are or were Missouri residents, and members of the class plaintiffs proposed, who are not Missouri citizens. This plan was the first paper U.S. Engineering has received since the remand of the case to give fair notice that minimal diversity existed.

15. On March 7, 2016, defendants filed their opposition to plaintiffs' proposed plan of notification. A true and complete copy of said opposition is attached as Exhibit U.

16. On March 9, 2016, plaintiffs filed their reply in support of their proposed plan of notifying the class. A true and complete copy of said reply is attached as Exhibit V. The reply reiterated their belief that the proposed class of Missouri residents was broader than a class confined to Missouri citizens:

- "Defendants attempt to make their addition of the word 'citizen' to the class sound innocuous," but "[i]t is not."

- If plaintiffs recover a judgment, "[d]efendants will seek to have the class member claim both residency and citizenship."

- The "court of appeals approved a class definition based on residency alone."

- "Citizenship should not now become a condition of class membership."

Ex. V at 23; 5.

17. On March 10, 2016, the state trial court held a telephone conference, off the record, on the plaintiffs' proposed class notice. Plaintiffs reiterated their desire to define the class as Missouri residents rather than citizens. Defendants stated that they did not object to such a definition but could not consent to it. The state trial judge off the record told plaintiffs to include the words "and citizens" in the class definition. While plaintiffs have served a draft of such an order on U.S. Engineering, the trial court has not entered it on the record.

6

18. The foregoing exhibits include all process and pleadings that have been served on defendants, and all orders relevant to this Court's jurisdiction and the merits. In the interest of judicial economy, U.S. Engineering has not filed orders not relating to the merits, such as rulings on discovery. Should the Court desire copies of such orders, U.S. Engineering is more than pleased to supplement this notice.

### This Court's Jurisdiction

19. In asserting on February 29, 2016, that a class of Missouri residents is broader than a class of Missouri citizens, plaintiffs have affirmatively alleged that non-Missouri citizens are included in their proposed class. In fact, on information and belief, numerous residents of Missouri on May 28, 2010 – the date plaintiffs have proposed for determining class membership – were not Missouri citizens on February 29, 2016, the first time plaintiffs made clear that their proposed class included non-Missouri citizens.

20. There are more than 100 members of the class. The class includes anyone residing in Missouri on May 29, 2010, who spent more than 80 hours in the Courthouse during any year between 1983 and 2007. Courthouse employees alone number in the thousands over that 25-year period. The lawyers, repeat witnesses and jurors in lengthy trials add thousands more.

21. The amount at issue exceeds the sum of $5 million, exclusive of interest and costs. Medical monitoring costs several thousand dollars per year. Multiplied by the thousands of class members and the decades over which

monitoring may be required, the total damages sought easily reach into the tens of millions of dollars.

22. The third amended petition also raises a federal question under 28 U.S.C. § 1331, in that ¶ 7 challenges § 510.265, R.S.Mo., under the equal protection clause of the Fourteenth Amendment, and the Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

23. This removal is timely pursuant to 28 U.S.C. § 1446(b)(3), in that plaintiffs first gave U.S. Engineering fair notice that their class included non-Missouri citizens on February 29, 2016, and this notice is filed less than 30 days thereafter. While the class certification order and plaintiffs' pleadings defined the class as comprised of Missouri residents, plaintiffs had previously represented that residency and citizenship were synonymous. The first clear notice that plaintiffs had changed their position on residency was the February 29, 2016 filing.

### Plaintiffs Cannot Prove Any CAFA Exceptions

24. Once U.S. Engineering has satisfied its burden of proving the existence of federal jurisdiction, it is plaintiffs' burden to prove the applicability of any exception. *Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010). Moreover, the Court must resolve any doubt in favor of removal. *Id.* at 823.

25. To establish either the home state or local controversy exceptions, plaintiffs must prove that more than two thirds of the class are citizens of

Missouri. 28 U.S.C. § 1332(d)(4). The only acceptable forms of proof are affidavits from class members or statistically significant surveys. *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015). *Hood* overruled this Court's holding on the topic in the first removal expressly and by name. *Id.* at 265 n.1. Plaintiffs cannot obtain either form of proof because they cannot even identify the vast majority of the members of the class. Indeed, when defendants served interrogatories seeking that information, plaintiffs objected that the discovery was too burdensome. A true and complete copy of said objection is attached as Exhibit W.

26. To establish discretionary abstention, plaintiffs must prove that more than one third of the class members are citizens of Missouri. 28 U.S.C. § 1332(d)(3). They cannot satisfy that burden for the same reasons they cannot prove more than two thirds of the class are Missouri citizens.

27. Even if plaintiffs could make the requisite showing, it would be an abuse of discretion to abstain. The reason is the national importance of rectifying the clear and flagrant violations of the due process clause of the Fourteenth Amendment to the United States Constitution:

    A. The holding that a Missouri trial court abuses its discretion in deciding class certification based on evidence rather than the plaintiff's pleading violates due process in two ways. First, it deprives defendants of the opportunity to put on some of their defenses – *e.g.*, that, whatever plaintiff may have pleaded, as a matter of fact, common issues do not predominate. Second, it

9

Case 4:16-cv-00220-SRB   Document 1   Filed 03/14/16   Page 9 of 13

transfers discretion on whether to certify a class from a neutral trial judge to plaintiff's counsel, who is anything but neutral.

B. The refusal to bifurcate the trial also violates due process, because it deprives defendants of the opportunity to present individual defenses to individual claims – *e.g.*, that a particular class member did not have enough exposure to face a significant risk of contracting a disease or that medical monitoring would not, on balance be beneficial. This is a significant enough national interest that a petition for certiorari to the Supreme Court of the United States on the issue of a defendant's ability to prove individual defenses to individual class members' claims has been ready for ruling since May 2015. *Wal-Mart Stores, Inc. v. Braun*, No. 14-1124.

## Procedural Compliance

28. Immediately after filing this notice of removal, U.S. Engineering will serve the clerk of the Jackson County Circuit Court with a copy of this notice. U.S. Engineering will serve plaintiffs' counsel automatically through this Court's electronic filing.

Wherefore, U.S. Engineering respectfully removes this case from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Respectfully Submitted,

HUSCH BLACKWELL, LLP


/s/ Mark G. Arnold
Mark G. Arnold, #28369
Matthew R. Grant, #50312
190 Carondelet Plaza, Suite 600
St. Louis MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505
mark.arnold@huschblackwell.com
matt.grant@huschblackwell.com

and

James D. Griffin, #33370
Michele F. Sutton, #57942
Scharnhorst Ast Kennard Griffin, PC
1100 Walnut Street, Suite 1950
Kansas City, MO 64106
Telephone: (816) 268-9400
Facsimile: (816) 268-9409
jgriffin@sakg.com
msutton@sakg.com

*Attorneys for Defendant U.S. Engineering*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the court's electronic filing system upon the following:

Louis C. Accurso, Esq.
Burton S. Haigh, Esq.
Clayton E. Gillette, Esq.
The Accurso Law Firm
4646 Roanoke Parkway
Kansas City, MO 64112
laccurso@accursolaw.com
bhaigh@accursolaw.com
cgillette@accursolaw.com

Edward D. Robertson, Jr. Esq.
Mary D. Winter, Esq.
Bartimus, Frickleton, Robertson & Goza
715 Swifts Highway
Jefferson City, MO 65109
crobertson@blawfirm.com
marywinter@earthlink.net

Anthony L. Dewitt, Esq.
One Hallbrook Place
11150 Overbrook Road, Suite 200
Leawood, KS 66211
aldewitt@bflawfirm.com

H. William (Bill) McIntosh, Esq.
The McIntosh Law Firm, P.C.
1125 Grand Blvd., Suite 1800
Kansas City, MO 64106
mcintosh@tmlf.com

*Attorneys for Plaintiffs*

Travis Salmon
Dennis Dobbels
Polsinelli
900 W. 48th Place
Kansas City MO 64112

Counsel for Jackson County, MO

/s/ Mark G. Arnold